**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-28027-BLOOM**

PAVON-ORDAZ REINIER,

Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

Respondent.
_________________________________________/

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Pavon-Ordaz Reinier's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. [1]. Respondents filed a Response, ECF No. [6]. The Court has reviewed the Petition, Response, the record, and is otherwise fully advised. For the following reasons, the Petition is dismissed.

## I. BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States on June 16, 2006. ECF Nos. [6] at 2, [6-1]. According to Respondents, immigration officials encountered Petitioner at the Metro West Detention Center on June 24, 2026, and United States Immigration and Customs Enforcement ("ICE") took him into custody on July 31, 2026. ECF Nos. [6] at 2, [6-1], [6-5]. On August 1, 2026, ICE issued Petitioner a Notice to Appear, charging him as removable. ECF Nos. [6] at 2–3, [6-6]

On October 1, 2026, an immigration judge denied Petitioner's request for bond. ECF Nos. [6] at 3, [6-7]. On October 16, 2026, the immigration judge ordered Petitioner removed, and Petitioner waived appeal, rendering the removal order administratively final. ECF Nos. [6] at 3,

[6-8]. Respondents represent that Petitioner remains detained at the Miami Federal Detention Center pending removal. ECF Nos. [6] at 3, [6-5].

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

In the Petition, Petitioner maintains that his continued confinement violates the Fifth Amendment's Due Process Clause and *Zadvydas*. ECF No. [1] ¶ 13. He states that Cuba will not accept his repatriation, that he is neither dangerous nor a flight risk, and that he should be released under ICE supervision. *Id.* ¶¶ 13, 15. Respondents assert that Petitioner is detained pursuant to § 1231(a) and that his challenge is premature. ECF No. [6] at 4–5.

Section 1231(a) applies to aliens who are subject to a final order of removal. *See* 8 U.S.C. § 1231(a). When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period." *Id*. Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period. *See Zadvydas*, 533 U.S. at 699–701. But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns." *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026). "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation." *Id.*

As an initial matter, Petitioner was ordered removed on October 16, 2026, and Petitioner waived appeal, rendering the removal order administratively final. ECF Nos. [6] at 3, [6-8]. Because Petitioner is subject to a final order of removal, his detention is governed by § 1231(a). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) (noncitizens subject to removal under § 1231 are "not entitled to bond hearings"); *see also Shaikh v. Meade*, No. 21-cv-23752, 2022 WL 84420, at *5 (S.D. Fla. Mar. 22, 2022) ("Given the unambiguous language of the Supreme Court's most recent holding [in *Guzman*] that noncitizens detained for removal under § 1231 are not entitled to a bond hearing, the Court determines that Petitioner is not entitled to a bond hearing.").

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future." *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.")).

Here, Respondents state that Petitioner was taken into ICE custody on July 31, 2026, and that the immigration judge ordered his removal on October 16, 2026, when Petitioner waived appeal. ECF Nos. [6] at 2–3, [6-5], [6-8]. Thus, the removal order became administratively final on October 16, 2026, and the six-month period contemplated by *Zadvydas* has not elapsed. As such, his detention falls short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness. Petitioner's request is premature. *See Flores-Reyes*, 2026 WL

406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **DISMISSED** as premature.
2. The Clerk of Court is directed to **CLOSE** this case.
3. All other pending motions are **DENIED AS MOOT**, and all other deadlines are **TERMINATED**, except as expressly provided in this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 17, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Pavon-Ordaz Reinier, *pro se*
099-872-804
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

[1] Because the Court orders Petitioner's release based on this argument, the Court does not reach Petitioner's remaining arguments.